**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LAURA HOFFMAN, an individual, on
behalf of herself and all others
similarly situated,
                *Plaintiff-Appellant,*

            v.

CITIBANK (SOUTH DAKOTA), N.A.,
                *Defendant-Appellee.*

No. 07-55616

D.C. No.
CV-06-00571-AJG

OPINION

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted
June 9, 2008—Pasadena, California

Filed October 14, 2008

Before: Stephen Trott, Sydney R. Thomas and
Raymond C. Fisher, Circuit Judges.

Per Curiam Opinion;
Concurrence by Judge Trott

14485

**COUNSEL**

Barry L. Kramer, Law Offices of Barry L. Kramer, Los Angeles, California, and Gretchen A. Carpenter, Strange & Carpenter, Los Angeles, California, for the plaintiff-appellant.

Julia B. Strickland, Stroock & Stroock & Lavan LLP, Los Angeles, California, for the defendant-appellee.

**OPINION**

PER CURIAM:

Plaintiff-Appellant Laura Hoffman ("Hoffman") appeals the district court's order compelling arbitration in her class action suit against her credit card company, Defendant-Appellee Citibank (South Dakota) N.A. ("Citibank"). The district court found that Hoffman was party to an arbitration agreement that waived her right to proceed on a class basis. Applying South Dakota law — the law chosen in the credit card agreement — the district court enforced the class arbitration waiver and ordered Hoffman to proceed on a non-class basis. Nonetheless, the district court found substantial grounds for a difference of opinion regarding a controlling

issue of law, "whether California law or South Dakota law should be used to determine the enforceability of the arbitration agreement," and issued an order for immediate appeal. The case was stayed without completion of discovery. We granted permission for the appeal, and we have jurisdiction under 28 U.S.C. § 1292(b). Because we are persuaded that the district court's order compelling arbitration erroneously relied on cases that do not properly apply California choice of law rules, we remand for a determination of whether California or South Dakota law applies to the class arbitration waiver.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 1994, Hoffman opened a credit card account with Citibank subject to a written credit card agreement. The card agreement contained a choice of law provision stating that "[t]he terms and enforcement of this Agreement shall be governed by South Dakota and federal law." The agreement permitted Citibank to change its terms by mailing Hoffman written notification of the change at least 15 days before the effective billing cycle. Upon receiving notice, Hoffman was provided 25 days to reject the changes in writing. Silence or using the card was deemed acceptance of the changes in accordance with South Dakota Codified Laws § 54-11-10.

Approximately seven years later, following the procedures set forth in § 54-11-10, Citibank mailed Hoffman a "Notice of Change in Terms Regarding Binding Arbitration to Your Citibank Card Agreement." The added arbitration provision stated, in pertinent part:

**ARBITRATION:**

**PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY. IT PROVIDES THAT ANY DISPUTE MAY BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT,**

**INCLUDING THE RIGHT TO A JURY AND THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING. IN ARBITRATION, A DISPUTE IS RESOLVED BY AN ARBITRATOR INSTEAD OF A JUDGE OR JURY. ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN COURT PROCEDURES.**

**Agreement to Arbitrate:**

Either you or we may, without the other's consent, elect mandatory, binding arbitration for any claim, dispute, or controversy between you and us (called "Claims").

**Claims Covered:**

• **What Claims are subject to arbitration?** . . . Claims and remedies sought as part of a class action, private attorney general or other representative action are subject to arbitration on an individual (non-class, non-representative) basis, and the arbitrator may award relief only on an individual (non-class, non-representative) basis.

\* \* \*

• **Broadest Interpretation.** Any questions about whether Claims are subject to arbitration shall be resolved by interpreting this arbitration provision in the broadest way the law will allow it to be enforced. This arbitration provision is governed by the Federal Arbitration Act (the "FAA").

\* \* \*

• **Who can be a party?** Claims must be brought in the name of an individual person or entity and must

proceed on an individual (non-class, non-representative) basis. The arbitrator will not award relief for or against anyone who is not a party. If you or we require arbitration of a Claim, neither you, we, nor any other person may pursue the Claim in arbitration as a class action, private attorney general action or other representative action, nor may such Claim be pursued on your or our behalf in any litigation in any court. Claims, including assigned Claims, of two or more persons may not be joined or consolidated in the same arbitration.

The arbitration provision also included terms giving the cardmember the option to sue in small claims court and requiring Citibank to reimburse or advance arbitration fees under certain circumstances.

Citibank printed the following message on Hoffman's October 2001 statement alerting her to the enclosed notice:

> PLEASE SEE THE ENCLOSED CHANGE IN TERMS NOTICE FOR IMPORTANT INFORMATION ABOUT THE BINDING ARBITRATION PROVISION WE ARE ADDING TO YOUR CITIBANK CARD AGREEMENT.

The change in terms provided that the arbitration provision would become effective on the day after the closing date appearing on Hoffman's November 2001 billing statement. Hoffman's November 2001 statement included a reminder advising her to call Citibank if she wanted another copy of the arbitration provision.

The change in terms expressly gave Hoffman "Non-Acceptance Instructions":

> If you do not wish to accept the binding arbitration provision contained in this change in terms notice,

> you must notify us in writing within 26 days after the Statement/Closing date indicated on your November 2001 billing statement stating your non acceptance. . . . If you notify us by that time that you do not accept the binding arbitration provisions contained in this change in terms notice, *you can continue to use your card(s) under your existing terms until the end of your current membership year or the expiration date on your card(s), whichever is later. At that time your account will be closed and you will be able to pay off your remaining balance under your existing terms.*

(Emphasis added.) Hoffman did not notify Citibank of her non-acceptance and continued to use her account by making additional charges and payments. Had she notified Citibank of her non-acceptance, it appears that her relationship with Citibank would have continued without change for the duration of the agreement.

Hoffman brought this consumer action in California state court against Citibank on behalf of herself and other similarly situated California cardholders. Hoffman alleged that Citibank increased the class members' interest rates retroactively, without advance notice, resulting in additional lump sum finance charges being improperly imposed. The suit was initially brought in California state court but was removed to federal court by Citibank. The operative pleading, the First Amended Complaint, alleges a violation of the Unfair Competition Law, California Business & Professions Code §§ 17200, et seq.[1]

---

[1]The initial pleading alleged a violation of California's Consumer Legal Remedies Act, California Civil Code §§ 17500, et seq. ("CLRA"). Hoffman indicates she will not pursue her CLRA claim on remand, and does not base this appeal on her CLRA pleadings in the light of *Berry v. Am. Express Publ'g, Inc.*, 54 Cal. Rptr. 3d 91, 92 (Cal. Ct. App. 2007) (holding that the CLRA does not apply to credit card transactions).

Before filing an answer, Citibank filed a motion to compel arbitration and stay proceedings. The district court issued an order granting Citibank's motion to compel arbitration of Hoffman's claims on an individual, non-class basis.

In that order, the district court found that Hoffman was party to an arbitration agreement that was subject to a choice of law provision favoring South Dakota law. The district court then concluded without further analysis that the choice of law provision was enforceable, and thus South Dakota law governed the agreement. Applying South Dakota law, the district court concluded that the class arbitration waiver was not unconscionable and was enforceable.

Hoffman subsequently moved to certify the district court's order compelling arbitration for immediate appeal. The district court granted Hoffman's motion, finding that the choice of law issue presented substantial grounds for difference of opinion and was a controlling question of law, the appeal of which would materially advance the litigation. We granted Hoffman's petition for permission to be heard.

## STANDARD OF REVIEW AND BURDEN OF PROOF

We review de novo a district court's order compelling arbitration. *See Davis v. O'Melveny & Myers*, 485 F.3d 1066, 1072 (9th Cir. 2007). An arbitration agreement governed by the Federal Arbitration Act is presumed to be valid and enforceable. *See Shearson/Am. Exp., Inc. v. McMahon*, 482 U.S. 220, 226-27 (1987). The applicable state law controls whether an arbitration agreement is unconscionable and, therefore, unenforceable. *See Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 686-87 (1996). "[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000).

## Discussion

## I.  The Need for Remand

**[1]** Federal courts sitting in diversity look to the law of the forum state when making choice of law determinations. *See Fields v. Legacy Health Sys.*, 413 F.3d 943, 950 (9th Cir. 2005). In this case, Hoffman sued in California. When an agreement contains a choice of law provision, California courts apply the parties' choice of law unless the analytical approach articulated in § 187(2) of the Restatement (Second) of Conflict of Laws ("§ 187(2)") dictates a different result. *See Discover Bank v. Superior Court*, 113 P.3d 1100, 1117 (Cal. 2005). The California Supreme Court has held that under California's choice of law analysis, a court must determine as a threshold matter "whether the chosen state has a substantial relationship to the parties or their transaction, or . . . whether there is any other reasonable basis for the parties' choice of law." *Nedlloyd Lines B.V. v. Superior Court*, 834 P.2d 1148, 1152 (Cal. 1992). If either of these tests is satisfied, the second inquiry is whether the "chosen state's law is contrary to a *fundamental* policy of California." *Id.* If such a conflict with California law is found, "the court must then determine whether California has a materially greater interest than the chosen state in the determination of the particular issue." *Id.* (internal quotations marks omitted).

**[2]** Here, the district court found that determining which law applied posed a close call, yet its order did not follow the requisite California choice of law analysis. Instead, in deciding to apply South Dakota law to determine the enforceability of the class arbitration waiver, the district court reasoned:

> Two respected judges in this district facing almost the same facts have ruled that under *Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459 [834 P.2d 1148] (1992), South Dakota law governs any enforceability or unconscionability defenses to the

arbitration clause. *Egerton [v. Citibank, N.A.]*, 2004 WL 1057739, at *2 [(C.D. Cal. Feb. 18, 2004)]; *Lowman v. Citibank (South Dakota) N.A.*, CV 05-8097 RGK, slip op. at *3 (C.D. Cal. March 24, 2006).

**[3]** To understand the district court's reasoning, we look to both *Egerton* and *Lowman*. Neither decision properly applied California's choice of law rules articulated in § 187(2) and *Nedlloyd*, and therefore the district court should not have exclusively relied on those decisions. The court in *Egerton* merely mentioned *Nedlloyd* in a conclusory statement without describing its analytical framework before concluding "that South Dakota law controls enforceability and the unconscionability defense." *Egerton*, 2004 WL 1057739, at *2. The court in *Lowman* similarly concluded that "pursuant to *Nedlloyd* . . . South Dakota law governs" without providing any additional choice of law analysis. *Lowman*, CV 05-8097 RGK, slip op. at 3. Because neither court adequately applied California's choice of law analysis, it was error for the district court to rely exclusively on *Egerton* and *Lowman* to conclude that South Dakota law governs here. Instead, the district court was required to explicitly apply the analytical approach articulated in § 187(2) and *Nedlloyd* to the particular facts of this case. We remand for that analysis.

## II.   Analysis on Remand

**[4]** Hoffman concedes that South Dakota has a "substantial relationship" to the instant transaction. Thus, on remand the district court should focus on the second step of the *Nedlloyd* test and specifically address whether the enforceability of this class arbitration waiver under South Dakota law is contrary to a fundamental policy of California.[2] California has a funda-

---

[2]We agree with the district court's conclusion that Citibank's class arbitration waiver is *not* procedurally unconscionable under South Dakota law and therefore *is* enforceable if South Dakota law controls. *See* S. D. CODIFIED LAWS § 54-11-10; *see also Nygaard v. Sioux Valley Hosp. & Health Sys.*, 731 N.W.2d 184, 195 (S.D. 2007) (requiring *both* substantive and procedural unconscionability when reviewing a contract).

mental policy against unconscionable class arbitration *wai-vers. See Klussman v. Cross Country Bank*, 36 Cal. Rptr. 3d 728, 739-40 (Cal. Ct. App. 2005); *see also* CAL. CIV. CODE § 1668.³ The California courts have explained the need for this policy, reasoning that a defendant could "essentially grant[ ] itself a license to push the boundaries of good business practices to their furthest limits, fully aware that relatively few, if any, customers will seek legal remedies" and that "[t]he potential for millions of customers to be overcharged small amounts without an effective method of redress cannot be ignored." *Klussman*, 36 Cal. Rptr. 3d at 739 (internal quotation marks omitted) (quoting *Discover Bank*, 113 P.3d at 1108). Thus, if Citibank's class arbitration waiver is unconscionable under California law, enforcement of the waiver under South Dakota law would be contrary to a fundamental policy of California.

Whether a specific class arbitration waiver is unconscionable under California law turns on

> (1) whether the agreement is a consumer contract of adhesion drafted by a party that has superior bargaining powers; (2) whether the agreement occurs in a setting in which disputes between the contracting parties predictably involve small amounts of damages; and (3) whether it is alleged that the party with the superior bargaining power has carried out a scheme to deliberately cheat large numbers of consumers out of individually small sums of money.

*Shroyer v. New Cingular Wireless Serv., Inc.*, 498 F.3d 976, 983 (9th Cir. 2007) (internal quotation marks omitted); *see also Klussman*, 36 Cal. Rptr. 3d at 739-40 (citing *Discover*

---

³In addition, various district courts in California have followed *Klussman*'s analysis. *See, e.g.*, *Oestreicher v. Alienware Corp.*, 502 F.Supp. 2d 1061, 1066 (N.D. Cal. 2007); *Brazil v. Dell, Inc.*, No. C-07-01700, 2007 WL 2255296 at *4 (N.D. Cal. Aug. 3, 2007).

*Bank*, 113 P.3d at 1110). Although this test has both substantive and procedural elements, these components exist on a sliding scale such that they need not be present in the same degree. *See Armendariz v. Found. Health Psychcare Serv., Inc.*, 6 P.3d 669, 690 (Cal. 2000). Instead, "even if the evidence of procedural unconscionability is slight, strong evidence of substantive unconscionability will tip the scale and render the arbitration provision unconscionable." *Nagrampa v. MailCoups, Inc.,* 469 F.3d 1257, 1281 (9th Cir. 2006) (en banc); *see also Gatton v. T-Mobile USA, Inc.*, 61 Cal. Rptr. 3d 344, 356 (Cal. Ct. App. 2007) ("[U]nder *Armendariz*, we conclude that courts are not obligated to enforce highly unfair provisions that undermine important public policies simply because there is some degree of consumer choice in the market.") (internal citation omitted).

**[5]** Citibank's class arbitration waiver would be substantively unconscionable under *California* law on the facts alleged. Hoffman claims that Citibank's challenged billing practice resulted in an additional finance charge of approximately $68, which easily constitutes the requisite "small amount of damages." *See Oestreicher v. Alienware Corp.*, 502 F. Supp. 2d 1061, 1067-68 (N.D. Cal. 2007) (finding an amount of over $4,000 "not substantial"); *Cohen v. DirectTV, Inc.*, 48 Cal. Rptr. 3d, 813, 820 (Cal. App. 2006) (holding $1,000 insufficient to warrant individual litigation). Hoffman's allegation that Citibank adopted this practice to ensure that it could charge a higher interest rate for at least a month before the affected customers could do anything to avoid these charges qualifies as a "scheme to deliberately cheat large numbers of consumers out of individually small sums of money." *Discover Bank*, 113 P.3d at 1108; *see Cohen*, 48 Cal. Rptr. 3d at 820-21.[4]

---

[4]Citibank argues that Hoffman's *allegations* are insufficient to *prove* that the class arbitration waiver is unconscionable and therefore the Federal Arbitration Act requires enforcement of the arbitration agreement. This argument misunderstands the important, albeit slight, difference

**[6]** With respect to procedural unconscionability, it is plain that Citibank was in a superior bargaining position to Hoffman and that Citibank's contract was offered in such a way that Hoffman was unable to negotiate its terms. These two elements often render a contract provision oppressive, and therefore procedurally unconscionable. *See Gatton*, 61 Cal. Rptr. 3d at 352-53; *Flores v. Transamerica HomeFirst, Inc.*, 113 Cal. Rptr. 2d 376, 381-82 (Cal. App. 2001). The dispositive questions that the district court has thus far not addressed, however, are the practical impacts of Citibank's "non-acceptance instructions" and whether, when placed on California's sliding scale, the non-acceptance provision renders the class arbitration waiver conscionable when compared to the degree of substantive unconscionability. We have held that providing a "meaningful opportunity to opt out" can preclude a finding of procedural unconscionability and render an arbitration provision enforceable. *See Circuit City Stores, Inc. v. Ahmed*, 283 F.3d 1198, 1199 (9th Cir. 2002). In contrast, although "bill stuffer" amendments are not per se unconscionable, *Discover Bank*, 113 P.3d at 159-63, a California court has held that a "bill stuffer" that includes a class arbitration waiver provision that the customer is deemed to accept unless she closes her account is procedurally unconscionable. *See Cohen*, 48 Cal. Rptr. 3d at 819-20. Moreover, two district courts in our circuit have determined that the ability to rescind a contract within 21 or 30 days does not necessarily insulate class arbitration waivers within such contracts from procedural unconscionability. *See Oestreicher*, 502 F.Supp.2d at

---

between determining that South Dakota's enforcement of an unconscionable provision is counter to a fundamental policy of California and actually finding the provision unconscionable under the substantive law of contract. In the choice of law context, California courts applying *Nedlloyd* and *Discover Bank* require only that "the *allegations allege* the defendant has 'carried out a scheme to deliberately cheat large numbers of consumers out of individually small sums of money.' " *Klussman*, 36 Cal. Rptr. 3d at 739 (emphasis added) (quoting *Discover Bank*, 113 P.3d at 1108); *see also Shroyer*, 498 F.3d at 983.

1070; *Brazil v. Dell Inc.*, No. C-07-01700, 2007 WL 2255296, at *8 (N.D. Cal. Aug. 3, 2007). Additionally, this circuit has "consistently followed the courts that reject the notion that the existence of 'marketplace alternatives' bars a finding of procedural unconscionability." *Shroyer,* 498 F.3d at 985.

**[7]** Given this legal landscape, we remand to the district court so that it may conduct additional fact finding regarding the nature and scope of Citibank's "instructions for non-acceptance" provision to determine whether the waiver provided enough of a meaningful opportunity to opt out to be enforceable. Expanding the record with respect to issues such as how much additional time the expiration date cutoff typically provides, how many customers exercise their ability to opt out and whether other banks use similar provisions will enable the court to determine whether Citibank provided an "actual, meaningful, and reasonable choice" such that its class arbitration waiver is not procedurally unconscionable. *Circuit City Stores, Inc. v. Mantor*, 335 F.3d 1101, 1106 (9th Cir. 2003).[5]

## III. Conclusion

We respectfully conclude that the district court erred because it did not apply California's choice of law analysis as articulated in Restatement § 187(2) and *Nedlloyd*, and more

---

[5]Under *Nedlloyd*, if there is a fundamental conflict with California law, then the choice of law analysis would turn to whether California has a materially greater interest than South Dakota in the outcome of this case. *See Nedlloyd*, 834 P.2d at 1152. Because the procedural unconscionability of the class arbitration waiver remains an open question, it is premature to reach a holding on the materially greater interest prong of this test. Nevertheless, because the district court expressed some confusion on this issue, we emphasize that the instant case is distinguishable from the two cited by the district court because it was brought by a *California* resident, on behalf of a *California-only* class, under a *California* statute for an allegedly deceptive practice whose injury was felt in *California*. *See Oestreicher*, 502 F.Supp.2d at 1069; *see also Klussman*, 36 Cal. Rptr. 3d at 741.

specifically because it did not address whether Citibank's class arbitration waiver, accompanied by a non-acceptance provision, is unconscionable under California law.

This panel retains jurisdiction over any future appeals.

**REVERSED and REMANDED.**

---

TROTT, Circuit Judge, concurring:

Given the narrow question presented by this appeal, I concur in our per curiam opinion. Nevertheless, I add some observations designed, I hope, to shed light on remand on the underlying question: is the arbitration "agreement" — including a class arbitration waiver — enforceable, or not.

California law is far from settled. In *Citibank (South Dakota), N.A. v. Walker*, No. A117770, slip op. at 8 (Cal. Ct. App. September 11, 2008), Division Four of the First Appellate District held in an unpublished opinion that the arbitration waiver at issue is not unconscionable or unenforceable under California law. In so holding, that court focused on a cardholder's choices:

> Here, although the change was made in a "bill stuffer," Walker was given an opportunity to opt out of arbitration. By opting out of the amendment, Walker would have been permitted to use his card until it expired, at which time he would have been able to pay off his balance under the existing terms. This does not present the same take it or leave it scenario found to be procedurally unconscionable in *Discover Bank [v. Superior Court*, 113 P.3d 1100 (Cal. 2005).] Moreover, *Discover Bank [v. Superior Court]* does not stand for the proposition that "bill stuffer" amendments are per se unconscionable.

Rather, it focuses on the take it or leave it nature of the contractual modification.

*Walker*, No. A117770, slip op. at 10 (citation omitted).

However, Division Seven of the Second Appellate District held in *Firchow v. Citibank (South Dakota), N.A.*, No. B187081, 2007 Cal. App. Unpub. LEXIS 178, at * 26 (Ct. App. Jan. 10, 2007), that the "agreement" under our legal microscope *is* unconscionable.

This brings us to *Jones v. Citigroup, Inc.*, 38 Cal. Rptr. 3d 461 (Ct. App. 2006). In *Jones*, Division Three of the Fourth Appellate District declined to conclude that a similar attempt to avoid classwide arbitration was unconscionable under California law:

> Our case is different [from *Discover Bank v. Superior Court*]. Here, although the change was made in a "bill stuffer," plaintiffs were given an opportunity to opt out of arbitration. By giving written notice of their rejection of the amendment, they could continue to use their cards until the cards expired and then would be able to pay off their balances under the terms of their existing agreement without acceleration. This does not present the take it or leave it scenario described in *Discover [Bank v. Superior Court]* or *Szetela [v. Discover Bank*, 118 Cal. Rptr. 2d 862 (Ct. App. 2002),]* as being procedurally unconscionable. Rather, it appears that defendant was cognizant of the oppressive nature of forcing a nonconsenting cardholder to either agree to arbitration or immediately cancel the account and took steps to avoid it.

*Jones*, 38 Cal. Rptr. 3d at 465.

The good news, if there is any good news in all of this, is that the California Supreme Court vacated and remanded the

*Jones* decision for further proceedings in light of its decision in *Gentry v. Superior Court*, 165 P.3d 556 (Cal. 2007). *Jones v. Citigroup, Inc.*, 171 P.3d 547 (Cal. 2007).

There it is. Mixed signals from the California courts. One hopes on remand in this case that the legal dust will soon settle and that our district court will have some reliable authority upon which to base its decision.