*491 MEMORANDUM *
Harry Oestreicher purchased a notebook computer from Alienware Corporation that overheated and permanently failed three months after the one-year warranty expired. He filed suit against Alienware asserting multiple claims under California state law, all predicated on the allegation that Alienware’s notebook computers overheat during normal usage because of the company’s defective design of the heat removal system. The district court denied Alienware’s motion to stay proceedings and compel arbitration, the dispute-resolution method specified in the purchase agreement, finding that the parties’ contractual choice of Florida law was unenforceable and that a class action waiver rendered the arbitration provision unconscionable. In a separate order, however, the district court granted Alienware’s motion to dismiss Oestreicher’s claims. We have jurisdiction under 9 U.S.C. § 16(a)(1)(B) and 28 U.S.C. § 1291, and we affirm both decisions.
I
The Ninth Circuit reviews the validity of an arbitration clause de novo. Nagrampa v. MailCoups, Inc., 469 F.3d 1257, 1267 (9th Cir.2006) (en banc). It reviews the factual findings underlying the district court’s decision for clear error. Id. at 1267-68.
Because this diversity action was filed in the Northern District of California, we must look to California’s choice-of-law rules to determine whether Florida or California law governs the unconscionability determination. See Patton v. Cox, 276 F.3d 493, 495 (9th Cir.2002). Applying California’s choice-of-law rules as articulated in section 187 of the Restatement (Second) Conflict of Laws (1971) and Nedlloyd Lines B.V. v. Superior Court, 3 Cal.4th 459, 11 Cal.Rptr.2d 330, 834 P.2d 1148, 1152 (1992), we conclude that the parties’ choice of Florida law is not enforceable and that their agreement must instead be analyzed under California law.[1] First, Oestreicher does not dispute that Florida has a substantial relationship to the parties or the transaction. Second, “California has a fundamental policy against unconscionable class arbitration waivers.” Hoffman v. Citibank (S.D.), N.A., 546 F.3d 1078, 1083 (9th Cir.2008) (per curiam) (citing Klussman v. Cross Country Bank, 134 Cal.App.4th 1283, 36 Cal.Rptr.3d 728, 739-40 (2005)). Because, as explained infra, Alienware’s class action waiver is unconscionable under California law, enforcement of the waiver under Florida law would be contrary to a fundamental California policy.[2] See id. Third, California has a materially greater interest than Florida in determining the enforceability of the class action waiver. Oestreicher seeks to represent a class composed solely of California residents and invokes solely California consumer protection laws. See Klussman, 36 Cal.Rptr.3d at 741. Florida’s interest, by contrast, while not inconsequential, is limited to enforcement of contractual provisions made by one of its corporate citizens. See Brack v. Omni *492 Loan Co., 164 Cal.App.4th 1312, 80 Cal.Rptr.3d 275, 287 (2008).
A class action waiver is unconscionable under California law if: (1) there is a consumer contract of adhesion; (2) the contractual setting is one in which “disputes between the contracting parties predictably involve small amounts of damages”; and (3) “it is alleged that the party with the superior bargaining power has carried out a scheme to deliberately cheat large numbers of consumers out of individually small sums of money.” Discover Bank v. Super. Ct., 36 Cal.4th 148, 30 Cal.Rptr.3d 76, 113 P.3d 1100, 1110 (2005). Oestreicher had no choice but to accept or reject the contract drafted by Alienware, the party of superior bargaining strength, satisfying the first prong. See id., 30 Cal.Rptr.3d 76, 113 P.3d at 1108. Oestreicher alleges a deliberate practice that deprives consumers of money because they are paying for something — a properly functioning computer — which they did not receive, thus satisfying the third prong. See Cohen v. DirecTV, Inc., 142 Cal.App.4th 1442, 48 Cal.Rptr.3d 813, 821 (2006). Therefore, whether the class action waiver in the sales agreement is unconscionable depends on whether Oestreicher’s damages claim— in excess of $4000 — is a “small amount.”
Although $4000 “is not an insignificant sum,” id. at 820, we hold that it is a “small amount” in the context of the instant dispute, and that the class action waiver is thus unconscionable. California courts scrutinize class action waivers out of concern that “they may operate effectively as exculpatory contract clauses” because the damages incurred by individual consumers are so small as to render vindication impracticable. Discover Bank, 30 Cal.Rptr.3d 76, 113 P.3d at 1108-09. Oestr-eicher alleges that Alienware defectively designed its notebook computers, and thus proving his claims requires extensive, and very expensive, discovery and expert analysis. As a result, “many consumers ... may not view [$4000] as sufficient to warrant individual litigation, and certainly it is not sufficient to obtain legal assistance in prosecuting the claim.” Cohen, 48 Cal.Rptr.3d at 820 (internal quotation marks omitted); see also Gentry v. Super. Ct., 42 Cal.4th 443, 64 Cal.Rptr.3d 773, 165 P.3d 556, 564 (2007).
We reject Alienware’s attempts to sidestep application of California law. Because we have previously concluded that the Federal Arbitration Act (“FAA”) neither expressly nor impliedly preempts a finding that a class action waiver in an arbitration provision is unconscionable, Shroyer v. New Cingular Wireless Servs., Inc., 498 F.3d 976, 987-93 (9th Cir.2007), Alienware’s argument to the contrary must fail. Nor does the FAA require enforcement of the Florida choice-of-law clause. While the Supreme Court has stated that an arbitration agreement’s enforcement should not depend on whether it is asserted in federal or state court, see Southland Corp. v. Keating, 465 U.S. 1, 15, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984), in enacting the FAA Congress intended to place arbitration agreements “upon the same footing as other contracts,” id. at 16, 104 S.Ct. 852 (quoting H.R.Rep. No. 96-68, at 1 (1924)). Accordingly, there is no reason to treat arbitration agreements in a manner different from other contracts in the context of a choice-of-law analysis. Alienware also asserts that Oestreicher’s true challenge is not to the arbitration clause but to the choice-of-law clause, and that, pursuant to Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 445-46, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006), the question of which state’s law applies should consequently be decided by an arbitrator. But the fact that Oestreicher relies on his California claims to establish unconscionability does *493 not change the fact that his primary challenge is to the arbitration provision.
Because Alienware informed the district court that this case should not be referred to arbitration if it found the class action waiver to be unenforceable, we do not reach the issue of severability.
II
The Ninth Circuit reviews de novo a dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Madison v. Graham, 316 F.3d 867, 869 (9th Cir.2002), cert. denied, 538 U.S. 1058, 123 S.Ct. 2221, 155 L.Ed.2d 1107 (2003). A Rule 12(b)(6) dismissal may be based on either “the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.” Balistreri v. Pacifica Police Dep’t, 901 F.2d 696, 699 (9th Cir.1990).
Oestreicher failed to state a claim either under the California Consumer Legal Remedies Act (“CLRA”) or for common law fraudulent concealment. A manufacturer’s duty to consumers is limited to its warranty obligations absent either an affirmative misrepresentation or a safety issue. See Daugherty v. Am. Honda Motor Co., 144 Cal.App.4th 824, 51 Cal.Rptr.3d 118, 126-27 (2006). Oestreicher does not allege that Alienware affirmatively misrepresented its products, nor does he claim that the alleged defect posed a threat to his own safety or the safety of others. The district court thus properly dismissed the CLRA and fraudulent concealment claims, as well as the Unfair Competition Law (“UCL”) claims that derive from them.
With respect to the dismissal of his stand-alone claims under the UCL and False Advertising Law (“FAL”), Oestr-eicher’s only argument on appeal is that, pursuant to Williams v. Gerber Products Co., 552 F.3d 934 (9th Cir.2008), the district court erroneously infringed upon the province of the factfinder. But the district court here never reached the question addressed by Gerber — whether the advertising was sufficiently misleading so as to be likely to deceive the public. Rather, the dismissal of Oestreicher’s UCL and FAL claims turned on whether Alienware’s statements were mere puffery. Gerber thus does not establish that the district court erred in any way. Nor can Oestr-eicher find support in Southland Sod Farms v. Stover Seed Co., as we there affirmed one of the district court’s findings of puffery on summary judgment. 108 F.3d 1134, 1145 (9th Cir.1997).
Finally, because the district court did not err in dismissing Oestreicher’s CLRA, UCL, FAL, and fraudulent concealment claims, it also did not err in dismissing his “claim” of unjust enrichment. See McBride v. Boughton, 123 Cal.App.4th 379, 20 Cal.Rptr.3d 115, 121 (2004).
Ill
We affirm the district court’s order denying Alienware’s motion to stay proceedings and compel arbitration as well as the district court’s dismissal of Oestreicher’s claims.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Although the parties dispute the district court's allocation of the burden of proof, we come to the same conclusion in our choice-of-law analysis regardless of whether the burden of proving the second and third Nedlloyd prongs lies with Oestreicher, see Wash. Mut. Bank, FA v. Super. Ct., 24 Cal.4th 906, 103 Cal.Rptr.2d 320, 15 P.3d 1071, 1079 (2001), or Alienware, see Am. Online, Inc. v. Super. Ct., 90 Cal.App.4th 1, 108 Cal.Rptr.2d 699, 707 (2001).

. Oestreicher concedes that Alienware's class action waiver would be enforceable under Florida law.