

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| IN RE: | § | No. 08-18-00030-CV |
| | § | |
| WESTERN DAIRY TRANSPORT, | | AN ORIGINAL PROCEEDING |
| L.L.C. AND JORGE HERNANDEZ, | § | |
| | | IN MANDAMUS |
| Relators. | § | |
| | § | |

## DISSENTING OPINION

In this original proceeding, Relators ask the Court to extend case law which limits pre-arbitration discovery and hold that Plaintiffs are not entitled to merits-based discovery while Relators' motion to dismiss based on a forum selection clause remains pending. The majority denies mandamus relief because Relators have not proven "as a gateway matter" that the forum selection clause is enforceable against the non-signatory Plaintiffs. This so-called "gateway matter" cannot be determined until the trial court conducts a hearing and rules on the merits of the motion to dismiss. Under the majority's analysis, discovery can never be limited while a motion to dismiss based on a forum selection clause is pending. I respectfully dissent.

*Forum Selection and Arbitration Clauses Are Analogous*

In two issues, Relators argue that they are entitled to mandamus relief because the trial court clearly abused its discretion by granting the motion to compel merits-based discovery before ruling on Relators' motion to dismiss based on the forum selection clause. Asserting that forum

selection clauses and arbitration agreements are analogous, Relators ask the Court to extend the rule which limits pre-arbitration discovery when a motion to compel arbitration is pending.

The Texas Supreme Court has held that a trial court has authority to order pre-arbitration discovery related to scope and arbitrability, but a court abuses its discretion if it orders merits-based discovery prior to ruling on a motion to compel arbitration. *See In re Houston Pipe Line Company*, 311 S.W.3d 449, 451 (Tex. 2009) (orig. proceeding). This Court has held in a series of cases that pre-arbitration discovery is limited, and the burden is on the party seeking pre-arbitration discovery to show that the discovery is necessary and related to scope or arbitrability. *See In re DISH Network*, 563 S.W.3d 433 (Tex.App.--El Paso 2018, orig. proceeding); *In re Copart*, 563 S.W.3d 427 (Tex.App.--El Paso 2018, orig. proceeding); *In re VNA, Inc.*, 403 S.W.3d 483, 487-88 (Tex.App.--El Paso 2013, orig. proceeding); *In re ReadyOne Industries, Inc.*, 400 S.W.3d 164, 168-73 (Tex.App.--El Paso 2013, orig. proceeding); *In re ReadyOne Industries, Inc.*, 394 S.W.3d 680, 686-88 (Tex.App.--El Paso 2012, orig. proceeding); *In re ReadyOne Industries*, 420 S.W.3d 179, 186-87 (Tex.App.--El Paso 2012, orig. proceeding). These cases do not explain the precise basis for limiting pre-arbitration discovery, but it is found in federal arbitration law.

Arbitration of disputes is strongly favored under federal and state law. *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*, 460 U.S. 1, 24-25 (1983); *Prudential Securities, Inc. v. Marshall*, 909 S.W.2d 896, 898 (Tex. 1995). The purpose of arbitration is to promote the settlement of parties' disputes without judicial involvement. *See Moses H. Cone*, 460 U.S. at 22. An arbitrable dispute should be moved "out of court and into arbitration as quickly and easily as possible." *Id.* To this end, both the FAA and the TAA provide for the expeditious and summary resolution of an application or motion to compel arbitration with only restricted inquiry into factual issues. *See* 9 U.S.C.A. §§ 3, 4; Tex.Civ.Prac. & Rem.Code Ann. § 171.021; *see also*

*Moses H. Cone*, 460 U.S. at 22. In light of the congressional intent underlying the FAA, federal courts have held that when a motion to compel arbitration is pending, parties are only entitled to discovery in aid of arbitration. *See Application of Deiulemar Compagnia Di Navigazione S.p.A. v. M/V Allegra*, 198 F.3d 473, 479 (4th Cir. 1999) (observing that federal discovery rules typically do not apply to disputes governed by arbitration provisions); *COMSAT Corp. v. National Science Foundation*, 190 F.3d 269, 276 (4th Cir. 1999) ("A hallmark of arbitration—and a necessary precursor to its efficient operation—is a limited discovery process."); *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999) (noting that limited pre-arbitration discovery may be permitted into issues relating to the making and performance of the agreement to arbitrate); *Hoffman v. Citibank (S.D.), N.A.*, 546 F.3d 1078, 1085 (9th Cir. 2008) (remanding case to district court to expand the record on the issue of procedural unconscionability); *Coneff v. AT & T Corp.*, No. Co6-0944RSM, 2007 WL 738612, at *2-3 (W.D.Wash. Mar. 9, 2007) (allowing discovery requests related to the issue of unconscionability but not the merits of the parties' underlying dispute). At least one state supreme court has held that discovery should be limited to matters raised in the motion to compel arbitration under the state arbitration act. *See Glassman, Edwards, Wyatt, Tuttle & Cox, P.C. v. Wade*, 404 S.W.3d 464, 467-68 (Tenn. 2013) (in proceeding governed by the Tennessee Uniform Arbitration Act, holding that trial court erred in ordering discovery on all aspects of the parties' disputes and in further ordering the parties to mediation in an effort to resolve all disputes between the parties prior to ruling on motion to compel arbitration; observing that pre-arbitration discovery is appropriate when limited to matters raised in the motion to compel arbitration); *Owens v. National Health Corp.*, 263 S.W.3d 876, 889 (Tenn. 2007) (holding that the trial court may allow discovery on whether the arbitration agreement was unconscionable).[1]

---

[1] This dissenting opinion is not intended to be a comprehensive review of all federal and state court cases holding that pre-arbitration discovery is limited.

The issue presented by this original proceeding is whether there is a basis for extending by analogy the limitation on discovery to cases involving enforcement of a forum selection clause. This requires an analysis of whether arbitration and forum selection clauses are sufficiently analogous to permit extension of the rule. The majority opinion bypasses this issue and focuses instead on what Relators will be required to prove when the trial court eventually rules on the merits of Relators' motion to dismiss.

Forum selection clauses provide parties with an opportunity to contractually pre-select the jurisdiction for dispute resolution. *Pinto Tech Ventures, L.P. v. Sheldon*, 526 S.W.3d 428, 436 (Tex. 2017). A forum selection clause has "the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that otherwise would be devoted to deciding those motions." *Carnival Cruise Lines, Inc. v Shute*, 499 U.S. 585, 593-94 (1991); *In re AIU Insurance Company*, 148 S.W.3d 109, 113 (Tex. 2004) (orig. proceeding).

Both the United States Supreme Court and the Texas Supreme Court have recognized that arbitration clauses are, in effect, a specialized kind of forum selection clause. *See Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 (1974); *In re Golden Peanut Co.*, 298 S.W.3d 629, 631 (Tex. 2009) (orig. proceeding). Further, forum selection and arbitration clauses are described as analogous. *See Pinto Tech Ventures*, 526 S.W.3d at 436-37; *In re Nationwide Insurance Company of America*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re AIU Insurance Company*, 148 S.W.3d at 116. Consequently, it is appropriate for a court addressing issues related to a forum selection clause to seek guidance from case law addressing arbitration clauses. *See Pinto Tech Ventures*, 526 S.W.3d at 436-37; *In re Nationwide Insurance Company*, 494 S.W.3d at 712; *In re*

*AIU Insurance*, 148 S.W.3d at 116. These issues include but are not limited to scope and enforceability of the forum selection clause.

Forum selection clauses are considered to be generally enforceable and presumptively valid. *Pinto Tech Ventures*, 526 S.W.3d at 436; *In re Laibe Corporation*, 307 S.W.3d 314, 316 (Tex. 2010) (orig. proceeding); *Lujan v. Alorica*, 445 S.W.3d 443, 447 (Tex.App.--El Paso 2014, no pet.); *see Rouse v. Texas Capital Bank, N.A.*, 394 S.W.3d 1, 8 (Tex.App.--Dallas 2011, no pet.) (observing that both Texas and federal courts recognize that public policy strongly favors the enforcement of forum selection clauses); *Young v. Valt.X Holdings, Inc.*, 336 S.W.3d 258, 265-66 (Tex.App.--Austin 2010, pet. dism'd) (same). Failure to enforce a valid contractual forum selection clause injects inefficiency into the proceeding by enabling forum-shopping, wasting judicial resources, delaying adjudication on the merits, and skewing settlement dynamics. *Pinto Tech Ventures*, 526 S.W.3d at 436-37. It can also add a layer of expense that would otherwise not exist, and the breaching party may be inclined to protract proceedings to encourage a favorable settlement. *In re AIU Insurance Company*, 148 S.W.3d at 117-18.

Both arbitration and forum selection clauses are strongly favored under Texas law. The FAA and the TAA require trial courts to decide a motion to compel arbitration summarily and expeditiously.[2] Even though no statute requires an expedited ruling on a motion to dismiss based

---

[2] A motion to compel arbitration is subject to procedures which are not applicable to a motion seeking to enforce a forum selection clause. In a proceeding to compel arbitration, a trial court shall order the parties to arbitrate on application of a party showing: (1) an agreement to arbitrate; and (2) the opposing party's refusal to arbitrate. TEX.CIV.PRAC. & REM.CODE ANN. § 171.021(a). A party seeking to compel arbitration must establish the existence of an arbitration agreement and show that the claims raised fall within the scope of the agreement. *In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 573 (Tex. 1999) (orig. proceeding). If the party opposing arbitration denies the existence of the agreement, the trial court is required to summarily determine that issue. TEX.CIV.PRAC. & REM.CODE ANN. § 171.021(b). Motions to compel arbitration are ordinarily decided in summary proceedings "on the basis of affidavits, pleadings, discovery, and stipulations." *Kmart Stores of Texas L.L.C. v. Ramirez*, 510 S.W.3d 559, 565 (Tex.App.--El Paso 2016, pet. denied), *quoting Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 269 (Tex. 1992). A summary motion to compel arbitration is essentially a motion for partial summary judgment, subject to the same evidentiary standards. *In re Jebbia*, 26 S.W.3d 753, 756-57 (Tex.App.--Houston [14th Dist.] 2000, orig. proceeding); *see Jack B. Anglin*, 842 S.W.2d at 269. A motion to dismiss based on a forum selection clause is not decided in a summary proceeding.

on a forum selection clause, an expeditious ruling could limit the harm caused by a failure to enforce a forum selection clause. Permitting a party to engage in merits-based discovery will inevitably delay resolution of the motion to dismiss. Given the similarity between forum selection and arbitration clauses, I would hold that it is appropriate to extend the rule requiring a limitation on pre-arbitration discovery to cases where a motion to dismiss based on a forum selection clause is pending. Under this approach, the party seeking discovery must show that the discovery is necessary and related to resolution of the issues raised by a motion to dismiss based on a forum selection clause.

*The Majority's Holding*

The majority opinion holds that the *In re DISH Network/In re Copart/In re VNA/In re ReadyOne* line of cases is inapplicable because Relators have not yet shown that the forum selection clause is enforceable against the non-signatory Plaintiffs. Relators are not required to make this showing until the trial court hears and rules on the merits of their motion to dismiss.

A forum selection clause in an agreement can be enforced by or against a non-signatory only if the non-signatory is bound by that agreement under recognized contract or agency principles. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 739 (Tex. 2005) (orig. proceeding); *Hellenic Inv. Fund, Inc. v. Det Norske Veritas*, 464 F.3d 514, 517 (5th Cir. 2006). Similar to the burden borne by a party seeking to compel arbitration, a party pursuing enforcement of a contractual forum selection clause bears the initial burden of proving that (1) the parties entered into an agreement to litigate in an exclusive forum and (2) the agreement applies to the claims involved. *Lujan*, 445 S.W.3d at 448. Additionally, a party seeking to enforce a forum selection clause against a non-signatory to the contract bears the burden of proving the theory upon which it relies to bind the non-signatory to the contract. *Lujan*, 445 S.W.3d at 448; *CNOOC Se. Asia Ltd.*

*v. Paladin Res. (SUNDA) Ltd.*, 222 S.W.3d 889, 894-95 (Tex.App.--Dallas 2007, pet. denied). The Texas Supreme Court has noted six theories recognized by the federal courts in which a non-signatory may be bound to an arbitration agreement: (1) incorporation by reference; (2) assumption; (3) agency; (4) alter ego; (5) equitable estoppel; and (6) third-party beneficiary. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d at 739. If the party seeking enforcement establishes these prerequisites, the burden shifts to the party opposing enforcement to make a "strong showing" overcoming the *prima facie* validity of the forum selection clause. *Young v. Valt.X Holdings, Inc.*, 336 S.W.3d 258, 262 (Tex.App.--Austin 2010, pet. dism'd). Under this framework, a forum selection clause must be enforced unless "the party opposing enforcement of the clause can clearly show that (1) enforcement would be unreasonable or unjust, (2) the clause is invalid for reasons of fraud or overreaching, (3) enforcement would contravene a strong public policy of the forum where the suit was brought, or (4) the selected forum would be seriously inconvenient for trial." *Young*, 336 S.W.3d at 262, *quoting In re Lyon Financial Services*, 257 S.W.3d 228, 231-32 (Tex. 2008) (per curiam).

Although the majority uses the word "gateway", the opinion seems to hold that Relators have not made the *prima facie* showing that the forum selection clause is valid. The only mechanism for Relators to make this showing is through a hearing on their motion to dismiss. At this point in the case, the trial court has not conducted a hearing or ruled on Relators' motion to dismiss. Consequently, the analytical framework described in *Young* does not come into play in this original proceeding, and Relators' right to mandamus relief is not contingent on them meeting their burden of proof under that framework. Further, the trial court's eventual ruling on Relators' motion to dismiss will have the effect of rendering moot their request for a limitation on discovery. If the trial court rules that the forum-selection clause is enforceable against the non-signatories,

the suit will be dismissed and there will be no pending discovery matters. If the trial court denies the motion to dismiss, Relators will be required to fully respond to discovery.

*Colorable Showing that Forum Selection Clause is Enforceable*

The majority does not address the Plaintiffs' argument that mandamus relief should not be granted in this case because Relators have not made a colorable showing that the forum selection clause is enforceable against a non-signatory such as Quinones. Plaintiffs' argument misapplies the holding of the *In re DISH Network*, *In re Copart*, *In re VNA*, and the *In re ReadyOne* line of cases. These cases stand for the proposition that the party seeking pre-arbitration discovery has the burden to show that the discovery is necessary and material to scope or arbitrability. *See In re DISH Network*, 563 S.W.3d 433 (Tex.App.--El Paso 2018, orig. proceeding); *In re Copart*, 563 S.W.3d 427 (Tex.App.--El Paso 2018, orig. proceeding); *In re VNA, Inc.*, 403 S.W.3d at 487-88; *In re ReadyOne Industries*, 400 S.W.3d at 168-73; *In re ReadyOne Industries*, 394 S.W.3d at 686-88; *In re ReadyOne Industries*, 420 S.W.3d at 186-87. A party can meet this burden by showing it has a colorable defense to enforcement of the arbitration agreement and the discovery is material to that defense. *See In re VNA, Inc.*, 403 S.W.3d at 487 ("A party opposing arbitration is entitled to pre-arbitration discovery on a particular defense if and only if she shows or provides a colorable basis or reason to believe that the discovery requested is material in establishing the defense."); *In re ReadyOne Industries*, 394 S.W.3d at 686-87 ("To be entitled to pre-arbitration discovery on a particular defense, the party opposing arbitration must show or provide a colorable basis or reason to believe that the discovery requested is material in establishing the defense."). The Court did not hold in these cases that the party moving to compel arbitration has the burden to make a colorable showing that the arbitration agreement is enforceable before it can insist that discovery be limited. Even if Relators had such a preliminary burden, their motion to dismiss, supported by

the affidavit of Hernandez and multiple exhibits, including the ICA, establishes the legal and factual basis for their claim that the forum selection clause is enforceable against a non-signatory.

*Analysis of the Discovery Order*

Even though the majority holds that the rule requiring a limitation on pre-arbitration discovery is completely inapplicable to this case, it goes on to examine the discovery order and concludes that it is sufficiently limited to the issues raised in the motion to dismiss. The discovery order recites that it is ordering discovery based on a finding that the discovery requested by Plaintiffs "is reasonably calculated to lead to the discovery of admissible evidence for the claims made the basis of Defendants matter pending before this Court." Further, the order states that the requests for production are reasonably calculated to lead to the discovery of admissible evidence on the ICA and Relators' factual basis for asserting that the forum selection clause should be enforced.

Plaintiffs did not show in their motion to compel discovery or during the hearings that any of the thirty-one categories of discovery ordered by the trial court is necessary and material to resolution of the issues presented by Relators' motion to dismiss. Plaintiffs broadly argue in their mandamus response that the discovery ordered by the trial court is linked to the issues presented by the motion to dismiss, but the claimed link between the discovery and the issues is not obvious. The inclusion of the phrase "particularly in Missouri" or similar words in several portions of the order does not make the requested discovery relevant to resolution of scope or enforceability of the forum selection clause.

The majority opinion ignores Relators' argument that certain paragraphs of the discovery order are plainly related to the merits of the case. For example, Paragraph 9 of the order requires Relators to produce any computer records on the truck. Similarly, Paragraph 14 compels Relators

to produce all purchase, inspection, maintenance, and repair records for the tractor and trailer, its wheels and tires. Paragraph 15 requires Relators to produce any physical and medical examinations performed on Quinones. This discovery has no apparent or even arguable relationship to the scope or enforceability of the forum selection clause. Consequently, I would find that the trial court clearly abused its discretion by ordering this discovery. Some of the other discovery ordered by the trial court may be shown in future proceedings to have the necessary relationship to the forum selection clause, but neither the order nor the record supports a finding that the discovery ordered by the court is necessary or related to either scope or enforceability. In the absence of a showing by Plaintiffs that these records are material to determining either the scope or enforceability of the forum selection clause, I would hold that the trial court clearly abused its discretion by compelling discovery at this stage of the case.

*Majority Opinion Fails to Address Depositions*

The discovery order also requires Relators to produce Jorge Hernandez[3] and Western Dairy's company representative for deposition, but it does not include any limitation on the subject matter. The trial court certainly has discretion to compel the depositions of these witnesses, but the order must limit the subject matter of the depositions to scope and enforceability of the forum selection clause.

*Inadequate Remedy by Appeal*

The only remaining issue is whether Relators have an adequate remedy by appeal. Mandamus relief is appropriate when a trial court improperly orders pre-arbitration discovery. *See In re Houston Pipe Line*, 311 S.W.3d at 451-52; *In re VNA*, 403 S.W.3d at 488; *In re ReadyOne Industries*, 400 S.W.3d at 173. Further, an adequate remedy by appeal does not exist when a trial

---

[3] Hernandez provided an affidavit in support of the motion to dismiss based on the forum selection clause.

court erroneously compels overbroad discovery and depositions. *In re Deere & Company*, 299 S.W.3d 819, 820 (Tex. 2009) (orig. proceeding); *In re AIU Insurance*, 148 S.W.3d at 117. I would find that appeal does not provide an adequate remedy in this case. Consequently, I would grant Relators' petition for writ of mandamus and order the trial court to set aside its discovery order dated February 15, 2018. Finding myself in disagreement with several aspects of the majority opinion, I respectfully dissent.

Cases like this one require an appellate court to walk a tight rope because the court must address the dispute related to the discovery order without expressing an opinion on the merits of the forum selection clause issue which has yet to be decided by the trial court. *See* TEX.CODE JUD'L CONDUCT Canon 3(B)(10)("A judge shall abstain from public comment about a pending or impending proceeding which may come before the judge's court in a manner which suggests to a reasonable person the judge's probable decision on any particular case."). My dissenting opinion should not be understood or construed as expressing any opinion whatsoever on the merits of Relators' motion to dismiss.

YVONNE T. RODRIGUEZ, Justice

March 22, 2019

Rodriguez, J., Palafox, J., and Larsen, J. (Senior Judge)
Larsen, J. (Senior Judge), sitting by assignment