NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LENA EVANS; RONI SHEMTOV;
SHBADAN AKYLBEKOV,

        Plaintiffs-Appellants,

v.

PAYPAL, INC.,

        Defendant-Appellee.

No.   22-15979

D.C. No. 5:22-cv-00248-BLF

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted September 14, 2023[**]
San Francisco, California

Before:  S.R. THOMAS, FORREST, and MENDOZA, Circuit Judges.

Appellants (collectively "Evans") appeal the district court's order

compelling arbitration and dismissing the case. We have jurisdiction under

28 U.S.C. § 1291, *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2014), and we affirm.

1.  The district court did not err in limiting the length of Evans's opposition to the motion to compel arbitration.  First, Evans failed to contest the district court's order striking the original opposition; thus, the argument is waived.  *See G & G Prods. LLC v. Rusic*, 902 F.3d 940, 950 (9th Cir. 2018) ("A party's unexplained failure to raise an argument that was indisputably available below is perhaps the least 'exceptional' circumstance warranting our exercise of . . . discretion.").  Even if we consider Evans's argument, it still fails.  Evans could have sought leave of court to exceed the 10-page limit but did not.  *See* Standing Order re Civil Cases § IV.A.4.  Moreover, a district court has significant discretion in managing its docket and may issue standing orders concerning motion practice. *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002).

2.  The district court correctly granted the motion to compel arbitration. First, the district court properly held that the arbitration agreement covers the dispute.  Evans's argument that PayPal failed to sufficiently demonstrate that the plaintiffs entered into the User Agreement is meritless.  PayPal produced a PayPal employee's declaration describing the process by which each plaintiff signed up for his or her PayPal account (including a screenshot of a checkbox assenting to the User Agreement that must be selected, as well as a button stating "agree and create account").  Under both California and Delaware law, mutual assent

2

manifests when an internet user accepts this type of "clickwrap" agreement. *See Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175–76 (9th Cir. 2014); *Doe v. Massage Envy Franchising, LLC*, No. CV S20C-05-005RFS, 2020 WL 7624620, at \*2 (Del. Super. Ct. Dec. 21, 2020) ("Clickwrap agreements are routinely recognized by courts and are enforceable under Delaware law."). Based on the undisputed PayPal employee declaration, the district court did not err in holding that the agreement to arbitrate covers the dispute.

Second, the district court correctly held that the arbitration agreement was valid and enforceable. Under the User Agreement, Delaware law applies. Federal courts sitting in diversity look to the law of the forum state—here, California— when making choice-of-law determinations. *Nguyen*, 763 F.3d at 1175 (citing *Hoffman v. Citibank (S.D.), N.A.*, 546 F.3d 1078, 1082 (9th Cir. 2008) (per curiam)). California "has no public policy against the enforcement of choice-of-law provisions," *Washington Mutual Bank, FA v. Superior Court*, 24 Cal. 4th 906, 917 (2001), and, in fact, there is a "strong public policy in favor of arbitration," *Pinnacle Museum Tower Assn. v. Pinnacle Mkt. Dev., LLC*, 55 Cal. 4th 233, 235 n.4 (2012). The district court correctly held that Delaware law applies.

Delaware courts generally assess whether an agreement is unconscionable under two headings: procedural unconscionability and substantive unconscionability. *See James v. Nat'l Fin., LLC*, 132 A.3d 799, 815 (Del. Ch.

3

2016).  The district court correctly determined that the User Agreement is not unconscionable.

Here, the User Agreement is not procedurally unconscionable, because a contract of adhesion alone is insufficient.  *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 346–47 (2011).  Under Delaware law, "mere disparity between the bargaining power of parties to a contract will not support a finding of unconscionability."  *Graham v. State Farm Mut. Auto. Ins. Co.*, 565 A.2d 908, 912 (Del. 1989); *see also James*, 132 A.3d at 832 ("[T]he fact that an agreement is a contract of adhesion is not sufficient, standing alone, to render an agreement unconscionable.").  Evans has not shown procedural unconscionability where PayPal users can opt-out of the Arbitration Agreement, *see Mikkilineni v. PayPal, Inc.*, No. N19C-05-1243 PRW, 2021 WL 2763903, at *12 (Del. Super. Ct. July 1, 2021), and have alternative means for transferring money electronically such that they do not lack "meaningful choice," *Ketler v. PFPA, LLC*, 132 A.3d 746, 748 (Del. 2016).

Further, the User Agreement lacks substantive unconscionability.  Under Delaware law, "[t]he concept of substantive unconscionability tests the substance of the exchange."  *James*, 132 A.3d at 815.  Evans argues that (1) a forum selection clause renders the provisions unconscionable, (2) the seizure of funds shocks the conscience, (3) the class action waiver violates California's public policy, (4) the

4

arbitration fees can greatly exceed the cost of litigation, and (5) various issues of non-mutual collateral estoppel and indemnification.

All these arguments are unavailing. One, there is no forum selection clause. Two, Evans's argument about the consequences of the liquidated damages provisions goes to the heart of the dispute, not to the threshold question of who should hear the dispute. As the district court properly noted, "under the FAA, on this motion to compel the Court may only examine 'issues relating to the making and performance of the agreement to arbitrate,' not the underlying merits of the dispute." *Evans v. PayPal, Inc.*, No. 22-cv-00248-BLF, 2022 WL 1813993, at *6 (N.D. Cal. Jun. 2, 2022) (quoting *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967)). Three, the class action waiver, valid under the FAA, does not contravene California public policy. *See Concepcion*, 563 U.S. at 352; *Hodges v. Comcast Cable Commc'ns, LLC*, 21 F.4th 535, 542 (9th Cir. 2021) (holding that "public injunctive relief within the meaning of *McGill* is limited to forward-looking injunctions that seek to prevent future violations of law for the benefit of the general public as a whole"). Four, PayPal's promise to advance arbitration fees for claims under $10,000 does not amount to use of a superior bargaining power "to take unfair advantage of another" party. *Fleck v. Moore*, No. 98-08-069, 1999 WL 1847435, at *3 (Del. Ct. Com. Pl. Jan. 29, 1999). Five, Evans cites no case law to support the proposition that because the arbitration

5

agreement does not allow for non-mutual collateral estoppel, the agreement grants "unreasonably favorable terms" to PayPal. *Progressive Int'l Corp. v. E.I. Du Pont de Nemours & Co.*, No. C.A. 19209, 2002 WL 1558382, at \*11 n.46 (Del. Ch. Jul. 9, 2002) (cleaned up). The district court correctly determined that the bi-lateral arbitration agreement is not substantively unconscionable.

Because the Arbitration Agreement is neither procedurally nor substantively unconscionable, the district court did not err in granting the motion to compel arbitration and dismissing the lawsuit.

**AFFIRMED.**