IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DESHAUN KETLER and BRITTANY KETLER, his wife, | § § § | No. 319, 2015 |
| Plaintiff-Below, Appellant, | § § § § | Court Below: Superior Court of the State of Delaware |
| v. | § § | |
| PFPA, LLC, a Delaware Corporation, d/b/a Planet Fitness, | § § § § | C.A. No. N14C-12-235 |
| Defendant-Below, Appellee. | § § § | |

Submitted: December 2, 2015
Decided: January 15, 2016

Before **STRINE**, Chief Justice; **VALIHURA**, and **VAUGHN,** Justices.

Upon appeal from the Superior Court. **AFFIRMED.**

Edward T. Ciconte, Esquire, Adam F. Wasserman, Esquire, Ciconte, Scerba & Kerrick, LLC, Wilmington, Delaware, for Appellant.

Gary H. Kaplan, Esquire, Jessica L. Tyler, Esquire, Marshall Dennehey Warner Coleman & Goggin, Wilmington, Delaware, for Appellee.

**VAUGHN**, Justice:

Plaintiffs-Below/Appellants DeShaun Ketler and Brittany Ketler appeal from a Superior Court order granting Defendant-Below/Appellee PFPA, LLC's ("Planet Fitness") motion for judgment on the pleadings. DeShaun Ketler was injured while using exercise equipment in a Planet Fitness facility. The Ketlers claim that the injuries were caused by negligence on the part of Planet Fitness. The Superior Court found that the Ketlers claim was barred by a signed release of liability. It determined that a release which allows a party to avoid liability for its own negligence is permissible under Delaware Law if the release is unambiguous, not unconscionable, and not against public policy. It further determined that the release satisfied all three criteria. On appeal, the Ketlers contend that the Superior Court erred because the release is ambiguous, unconscionable, and against public policy. We approve the Superior Court's determinations and affirm.

In 2010, DeShaun joined Planet Fitness at a cost of $10 per month.[1] DeShaun signed a membership agreement, which contained the following:

> I understand and expressly agree that my use of this Planet Fitness facility . . . involves the risk of injury to me or my guest whether caused by me or not. I understand that these risks can range from minor injuries to major injuries including death. In consideration of my participation in the activities and use of the facilities offered by Planet Fitness, I understand and voluntarily

---

[1] Devana Fitness, LLC was the franchisee of the Planet Fitness location on the date the Membership Agreement was executed. On July 31, 2012, prior to Ketler's incident, Devana Fitness, LLC assigned its rights and interests in, and under, all Membership Agreements to PFPA, LLC.

accept this risk and agree that Planet Fitness . . . will not be liable for any injury, including, without limitation, personal, bodily, or mental injury. . . resulting from the negligence of Planet Fitness or anyone on Planet Fitness' behalf whether related to exercise or not. Accordingly, I do hereby forever release and discharge Planet Fitness from any and all claims, demands, injuries, damages, actions or causes of action. I further understand and acknowledge that Planet Fitness does not manufacture fitness or other equipment in its facilities, but purchases and/or leases equipment, and therefore Planet Fitness may not be held liable for defective products.[2]

In April 2013, DeShaun was injured when a cable broke on a seated rowing machine that he was using at Planet Fitness.

This Court has previously recognized that a release of prospective negligence may be valid.[3] Such a release must be "'clear and unequivocal' to insulate a party from liability . . . ."[4] The release provision involved here expressly releases Planet Fitness from any liability for any injury resulting from the negligence of Planet Fitness, whether related to exercise or not. It expressly releases Planet Fitness from any and all claims or causes of action. The provision's language is clear and unequivocal.

---

[2] Appellant's Op. Br. App. at A8.
[3] *Riverbend Cmty., LLC v. Green Stone Eng'g, LLC*, 55A.3d 330, 336 (Del. 2012).
[4] *Id.* (quoting *State v. Interstate Amiesite Corp.*, 297 A.2d 41, 44 (Del. 1972)).

It must also not be unconscionable. Unconscionability is a concept that is used sparingly.[5] Traditionally, an unconscionable contract is one which "no man in his senses and not under delusion would make on the one hand, and as no honest or fair man would accept, on the other."[6] "But mere disparity between the bargaining powers of parties to a contract will not support a finding of unconscionability."[7] "[T]here must be an absence of meaningful choice and contract terms unreasonably favorable to one of the parties."[8] There is no deprivation of meaningful choice if a party can walk away from the contract.[9] Here, DeShaun was free to accept the Planet Fitness membership or not. The Superior Court did not err in concluding that the release is not unconscionable.

Finally, the release must not violate public policy. The public policy of this state is typically determined by the Delaware General Assembly. No Delaware statute has been identified which bears on the validity of a release of prospective negligence.

---

[5] *See Progressive Int'l Corp. v. E.I. DuPont de Nemours & Co.*, 2002 WL 1558382, at *11 (Del. Ch. July 9, 2002) (discussing the reluctance of courts to apply the doctrine).

[6] *Reserves Mgmt., LLC v. Am. Acquisition Prop., LLC*, 2014 WL 823407, at *9 (Del. Feb. 28, 2014) (internal quotations omitted).

[7] *Id.*

[8] *Tulowitzki v. Atl. Richfield Co.*, 396 A.2d 956, 960 (Del. 1978).

[9] *See Graham v. State Farm Mut. Auto. Ins. Co.*, 565 A.2d 908, 913 (Del. 1989) (finding the doctrine of unconscionability inapplicable, in part, because the plaintiffs had the opportunity to cancel the insurance policy); *Progressive*, 2002 WL 1558382, at *11 (rejecting the plaintiff's unconscionability argument, in part, because nothing had prevented the plaintiff from walking away from a contract with allegedly unfavorable terms).

The Ketlers argue that the release violates the public policy embodied in the principle that a property owner has a duty to make his property safe for business invitees. However, a general release by its nature releases a party from a potential liability otherwise imposed by law. The public policy involved must be one which disapproves of the release.

For the foregoing reasons, the judgment of the Superior Court is **AFFIRMED.**