SUPERIOR COURT
OF THE
STATE OF DELAWARE

RICHARD F. STOKES
*JUDGE*

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5264

June 19, 2017

Tasha M. Stevens, Esq.
Fuqua, Willard, Stevens & Schab, P.A.
26 The Circle
Georgetown, Delaware 19947

Jennifer D. Donnelly, Esq.
Marshall, Dennehey, Warner, Coleman & Goggin
1007 N. Orange Street
P.O. Box 8888
Wilmington, Delaware 19899

> Re: *Jean Francois Mackenson v. Michael Anthony and RB Gyms, Inc.*
> C.A. No. S16C-12-001-RFS
>
> Date Submitted: May 4, 2017
> Date Decided: June 19, 2017
>
> Upon Defendant's Motion for Judgment on the Pleadings.
> Granted.

Dear Parties:

Before the Court is Defendants', Michael Anthony and RB Gyms Inc. ("Defendants"), Motion for Judgment on the Pleadings. For the reasons expressed below, the Motion is **GRANTED**.

## I.    BACKGROUND

On December 1, 2016, Plaintiff, Jean Francois Mackenson ("Plaintiff"), filed his Complaint alleging that, as a result of Defendants' negligence, he was injured while using the bar

1

of a machine to do pull-ups at Club Fitness located in Rehoboth Beach, Delaware. Specifically, the rubber grip on the pull-up bar detached, causing Plaintiff to lose his grip on the bar and his resultant injury.

Plaintiff signed a Membership Agreement with Club Fitness on January 3, 2012. It should be noted that Plaintiff signed his name on the line provided for "Legal Guardian/Guarantor Signature" rather than the line provided for "Member Signature."[1] Plaintiff was a member of the gym when the incident occurred. The Membership Agreement includes a liability waiver clause, which reads in pertinent part as follows:

> Waiver. 24/7 Club Fitness and any of its affiliates are not responsible for any injury (or loss of property) suffered while participating in club activities, using equipment, improper supervision or instruction, or on club premises, for any reason whatsoever, including ordinary negligence on the part of CF, its agents, or employees. I understand that these and other physical activities at CF involve certain risks, including but not limited to, death, serious neck and spinal injuries resulting in complete or partial paralysis, heart attacks, and injury to bones, joints or muscles. I am voluntarily participating in club activities with knowledge of dangers involved and hearby release and covenant not to sue CF, its affiliates, its owners, employees, instructors, or agents, from any and all present or future claims resulting from ordinary negligence on the part of CF or others listed. I further agree to indemnify and hold harmless CF and others listed for any and all claims arising as a result of my engaging in club activities or any activities incidental thereto.[2]

On January 20, 2017, Defendants filed a Motion for Judgment on the Pleadings under Superior Court Civil Rule 12(c)[3] based upon the waiver contained in the Membership Agreement. Defendants argue that Plaintiff's signing of the waiver constituted a primary assumption of risk, which, in Defendants' words, "applies when a plaintiff relieved a defendant

---

[1] The validity of Plaintiff's signature will be addressed later.

[2] Pl.'s Answer Def.'s Mot. J. Pleadings, Ex. A.

[3] Super. Ct. Civ. R. 12(c) provides:

> **(c) Motion for Judgment on the Pleadings.** After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

of an obligation of conduct toward him and takes his chances of injury from a known risk arising from what the defendant is to do or leave undone."[4]

On February 6, 2017, Plaintiff filed his Answer to Defendants' Motion for Judgment on the Pleadings. Plaintiff argues that his failure to sign the Membership Agreement on the correct line defeats the contract. He further asserts that this is a factual determination inappropriate for consideration on a Motion for Judgment on the Pleadings.

## II.      STANDARD OF REVIEW

The standard of review for a judgment on the pleadings is summarized in *Catawba Associates-Christiana, LLC v. Jayaraman*:

> …[A] party is entitled to judgment on the pleadings where there is no material fact in dispute and the moving party is entitled to judgment under the law. "A court should not grant such a motion unless it appears to a reasonable certainty that the non-movant would not be entitled to relief for its claims under any set of facts that could be proven in support of its allegations."
>
> In reviewing the motion, the Court must accept all the "complaint's well-pled facts as true and construe all reasonable inferences in favor of the non-moving party." The Court may consider exhibits and documents incorporated by reference into the complaint.[5]

## III.     ANALYSIS

The facts in this case are nearly identical to those in a previous case, *Ketler v. PFPA, LLC*. In *Ketler*, the Plaintiff was injured while using exercise equipment at Defendant's Planet Fitness gym.[6] Plaintiff claimed that his injuries were caused by Defendant's negligent acts.[7] Like here, Plaintiff had signed a membership agreement containing a liability waiver.[8] The

---

[4] Defs.' Mot. J. Pleadings, 3.
[5] *Catawba Associates-Christiana, LLC v. Jayaraman*, 2016 WL 4502306, at *5 (Del. Super. Ct. Aug. 26, 2016)(internal citations omitted).
[6] *Ketler v. PFPA, LLC*, 132 A.3d 746, 747 (Del. 2016).
[7] *Id.*
[8] *Id.*

3

language contained in the *Ketler* waiver and the instant wavier is virtually identical.[9] The Delaware Supreme Court held that a prospective release of negligence will be valid as long as the release is "clear and unequivocal," not unconscionable, and does not violate public policy.[10]

Thus, it is clear that as long as the waiver at hand meets the three criteria above it will stand. The language of Defendants' waiver is clear and unequivocal. There is no ambiguity. The Membership Agreement expressly releases Defendants from any liability for any injury resulting from their own negligence. The first criterion is clearly satisfied.

Furthermore, the Membership Agreement is not unconscionable. The *Ketler* Court succinctly described the concept of unconscionability:

> Unconscionability is a concept that is used sparingly. Traditionally, an unconscionable contract is one which "no man in his senses and not under delusion would make on the one hand, and as no honest or fair man would accept, on the other." "But mere disparity between the bargaining powers of parties to a contract will not support a finding of unconscionability." "There must be an absence of meaningful choice and contract terms unreasonably favorable to one of the parties." There is no deprivation of meaningful choice if a party can walk away from the contract.[11]

Plaintiff was free to walk away from the contract, so there can be no finding of unconscionability. Therefore, the second criterion is also met.

---

[9] The Plant Fitness membership agreement contained the following waiver:

> I understand and expressly agree that my use of this Plant Fitness facility…involves the risk of injury to me or my guest whether caused by me or not. I understand that these risks can range from minor injuries to major injuries including death. In consideration of my participation in the activities and use of the facilities offered by Planet Fitness, I understand and voluntarily accept this risk and agree that Planet Fitness…will not be liable for any injury, including, without limitation, personal, bodily, or mental injury…resulting from the negligence of Planet Fitness or anyone on Planet Fitness' behalf whether related to exercise or not. Accordingly, I do hereby forever release and discharge Planet Fitness from any and all claims, demands, injuries, damages, actions or causes of action. I further understand and acknowledge that Planet Fitness does not manufacture fitness or other equipment in its facilities, but purchases and/or leases equipment, and therefore Planet Fitness may not be held liable for defective products.

[10] *Ketler,* 132 A.3d at 747-48.
[11] *Id.* at 748 (internal citations omitted).

Finally, the liability waiver must not run counter to public policy. The Delaware General Assembly determines the public policy of this State.[12] There is no statute applicable to the validity of a prospective release from ordinary negligence.[13] Therefore, allowing a contractual liability waiver does not violate the public policy of the State of Delaware. The final criterion is satisfied. Given that the conditions laid out by the Supreme Court are met, this waiver must be found valid, in accordance with *Ketler*.

Additionally, the fact that Plaintiff signed the Membership agreement on the line intended for a legal guardian/guarantor signature rather than the line for a member signature is inconsequential. Examination of the contract clearly shows that Plaintiff was a party to the contract. His name is listed at the beginning of the document, and he initialed several places throughout the document.[14] Additionally, Plaintiff admitted in his Complaint that he was a member of Club Fitness "[a]t the time of the injury and at all time pertinent hereto…"[15] Thus, the Membership Agreement is clear on its face that Plaintiff was a party to the contract. There is no factual determination to be made. Plaintiff simply signed his name on the incorrect line[16]; such error does not invalidate the Membership Agreement. As a result, there is no set of facts which can be proven that would allow Plaintiff to recover. Thus, judgment on the pleadings in favor of Defendants is appropriate.

Considering the foregoing, Defendants' Motion for Judgment on the Pleadings is **GRANTED**.

---

[12] *Id.*

[13] *Id.*

[14] Pl.'s Answer Def.'s Mot. J. Pleadings, Ex. A.

[15] Compl., 2 at para. 9.

[16] Plaintiff was 22 years old at the time the Membership Agreement was signed. Thus, the portions of the contract relating to a legal guardian/guarantor signature taking responsibility for a person under the age of 18 are irrelevant. Plaintiff's age at the time the contract was made is further proof that he simply signed in the wrong location. Even if, for the purpose of this discussion only, Plaintiff signed the Membership Agreement as a legal guardian , a legal guardian would still be subject to all provisions of the contract, including the liability waiver at hand. In other words, the capacity of the signer is immaterial in the context of this case.

5

**IT IS SO ORDERED.**

Very truly yours,

Richard F. Stokes

cc: Prothonotary's Office

6