NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 14 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MATTHEW LEBOEUF, | No. 19-17481 |
| Plaintiff-Appellant, | D.C. No. 5:19-cv-02543-SVK |
| ROBERT HANEY, | |
| Appellant, | MEMORANDUM[*] |
| v. | |
| NVIDIA CORPORATION, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Susan G. Van Keulen, Magistrate Judge, Presiding

Submitted January 12, 2021[**]
San Francisco, California

Before: WALLACE and M. SMITH, Circuit Judges, and RESTANI,[***] Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

Appellants Matthew LeBoeuf and Robert Haney (Appellants) appeal the district court's order granting Appellee NVIDIA Corporation's (NVIDIA) motion to compel arbitration and dismissing the case without prejudice. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* the district court's decision to compel arbitration. *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). We AFFIRM.

Appellants allege they purchased graphics cards that suffered from performance issues from third-party manufacturers and retailers. Appellants also downloaded and installed NVIDIA's software that is necessary to operate the graphics cards. Before downloading the software, NVIDIA required Appellants to consent to its License Agreement that contained an arbitration and class-action waiver provision.

NVIDIA moved to compel arbitration of Appellants' claims relating to the graphics cards, and the district court granted that motion based on the License Agreement. Appellants argue on appeal that the district court erred in granting the motion for several reasons.

First, Appellants contend the district court erred because their claims relate to hardware, not software, such that the parties did not enter into a valid arbitration

agreement with respect to their claims. This argument fails, however, because the undisputed facts show that Appellants entered into a valid arbitration agreement when they twice assented to NVIDIA's License Agreement. Any dispute as to the scope of that agreement, and whether Appellants' claims fall outside the agreement, must be determined by the arbitrator under the License Agreement's delegation clause. *See Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 530 (2019).

Second, Appellants contend the district court erred by enforcing the License Agreement's delegation clause and holding that the arbitrator must determine issues related to arbitrability. This argument fails because the district court properly enforced the License Agreement's choice-of-law provision that required application of Delaware law because Appellants failed to show that Delaware Law conflicts with a fundamental California public policy and that California has a materially greater interest than Delaware in evaluating the delegation clause. *See Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459, 466 (1992). In addition, under Delaware law, the broad arbitration clause and incorporation of the Judicial Mediation and Arbitration Services (JAMS) Rules clearly and unmistakably evidences the parties' intention to delegate issues of arbitrability to the arbitrator. *See James & Jackson, LLC v. Willie Gary, LLC*, 906 A.2d 76, 80 (Del. 2006); *Li v.*

*Standard Fiber, LLC*, No. 8191–VCN, 2013 WL 1286202, at \*6 (Del. Ch. Mar. 28, 2013) (unpublished).

Third, Appellants contend the delegation clause is procedurally and substantively unconscionable. This argument fails because Appellants were given the opportunity to review the License Agreement at two separate points when they downloaded and installed the NVIDIA software. In addition, Appellants were not presented with the arbitration agreement on a "take-it-or-leave-it" basis because NVIDIA provided them the opportunity to opt out. Despite this opportunity, Appellants chose to continue using the graphics cards and software without opting out of the arbitration agreement. *See Ketler v. PFPA, LLC*, 132 A.3d 746, 748 (Del. 2016); *Tulowitzki v. Atl. Richfield Co*., 396 A.2d 956, 960 (Del. 1978); *see also Mohamed v. Uber Techs., Inc*., 848 F.3d 1201, 1210–11 (9th Cir. 2016). Appellants also fail to demonstrate that the delegation clause "shocks the conscience" or is on terms "so extreme as to appear unconscionable according to the mores and business practices of the time and place." *See Chemours Co. v. DowDuPont Inc.*, No. CV 2019-0351-SG, 2020 WL 1527783, at \*12 (Del. Ch. Mar. 30, 2020) (citations omitted) (unpublished). To the contrary, the Supreme Court requires enforcement of such clauses. *See Henry Schein*, 139 S. Ct. at 528.

**AFFIRMED.**

4