# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

MARY E. MURPHY, Individually )
)
Plaintiff, )
)
v. )
) C.A. No. N21C-04-024 CLS
CARILLON WOODS, LLC, a )
Delaware ATLANTIC )
MANAGEMENT, LLC, a Delaware )
limited liability company )
)
Defendants. )

Date Submitted: April 18, 2022
Date Decided: May 16, 2022

*Upon Defendant's Motion for Summary Judgment.* **DENIED.**

## ORDER

James P. Hall, Esquire, Phillips, McLaughlin & Hall, P.A., Wilmington, Delaware, 19806, Attorney for Plaintiff, Mary E. Murphy.

Kristen S. Swift, Esquire, Weber Gallagher Simpson Stapleton Fires & Newby, LLP, New Castle, Delaware, 19720, Attorney for Defendants, Carillon Woods, LLC and Atlantic Management, LLC.

**SCOTT, J.**

1

## INTRODUCTION

Before the Court is Defendants Carillon Woods LLC and Atlantic Management LLC's ("Defendants") Motion for Summary Judgment ("Motion"). Upon consideration of the Motion and Plaintiff Mary E. Murphy's ("Ms. Murphy") response, Defendants' Motion is **DENIED** for the following reasons.

## BACKGROUND

Ms. Murphy signed a lease with Carillon Woods LLC ("the Complex"), which ran from 12/4/19 to 11/30/20. This case stems from personal injuries sustained from tripping over a raised sewer cover in the Complex parking lot when Ms. Murphy was unloading groceries. At the time of her injury, the Complex parking lot was under active construction and being repaved. In addition, it rained heavily the night before, it was raining heavily at that time she returned home, and approximately four (4) inches of water had accumulated in the parking lot.

The lease Mr. Murphy and the Complex entered into contained a New Construction Addendum[1] and further contained an additional release ("general

---

[1] Pertinent language contained in addendum: "Tenant hereby releases Landlord from any claim, damage, loss, cause of action or liability related to construction noise, personnel, equipment, debris and materials present at the apartment complex."

2

release") which protected Defendants from "all loss or damage to Tenant's person . . ." caused by Defendants absent gross negligence or willful misconduct.[2]

## PARTIES' ASSERTIONS

In their Motion, Defendants, citing Delaware caselaw, argue Ms. Murphy released Defendants from liability for negligence in signing the lease and New Construction Addendum. Defendants maintain the releases were a bargained-for signed release that were unambiguous, not unconscionable, not against public policy and therefore is valid. Additionally, Defendants, again citing Delaware caselaw asserts Ms. Murphy executed releases show primary assumption of the risk because she was aware of the risks and relieved the landlord of a legal duty. Defendants maintain Ms. Murphy may not recover because she expressly assumed the risk of her injury. Lastly, Defendants argue they have no duty to protect from an open and

---

[2] Pertinent language contained in lease agreement: "1.10 NO LIABILITY FOR LOSS OR DAMAGE TO TENANT'S PERSON OR PROPERTY; INDEMNITY TO LANDLORD: Tenant agrees to be solely responsible for all loss or damage to Tenant's person or property or to any other person which may be situation in the Rental Unit during the Term of this Agreement or any renewal or extension thereof, including any loss by water, fire, or theft in and about the Rental Unit and storage area; gross negligence or willful misconduct of Landlord, its servants, agents or employees exempted; and the Tenant agrees to procure adequate content and liability insurance to afford protection to Tenant against the risks therein assumed. In addition, Tenant agrees to indemnify and save Landlord harmless from any and all loss occasioned by Tenant's breach of any of the covenants, terms and conditions of this Agreement, or caused by Tenant's family, guests, visitor, agents or employee."

3

obvious danger, i.e., a raised sewer cover because Ms. Murphy knew of the sewer covers when she moved in.

In response, Ms. Murphy argues the releases Defendants reference are unenforceable under Delaware's Residential Landlord-Tenant Code. Further, Ms. Murphy argues even if the releases were enforceable, it would not release Defendants from liability under this circumstance. Ms. Murphy asserts the lease does not establish she primarily assumed the risk of tripping on a sewer cover because she did not expressly relieve Defendants from liability for injuries arising out of a raised and unmarked sewer cover in the parking lot. Lastly, Ms. Murphy maintains the raised sewer cover is not an open and obvious danger because it was not a danger that could be seen with the amount of water present at the time of the incident. Additionally, Ms. Murphy cites to Delaware caselaw to establish that the question of whether a danger was apparent to a plaintiff, if a dangerous condition exists are questions for the jury and if a danger is open and obvious are questions for the jury.

**STANDARD OF REVIEW**

Under Superior Court Rule 56, the Court may grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact

4

and that the moving party is entitled to summary judgment as a matter of law."[3] The moving party bears the initial burden of showing that no material issues of fact are present.[4] Once such a showing is made, the burden shifts to the non-moving party to demonstrate that there are material issues of fact in dispute.[5] In considering a motion for summary judgment, the Court must view the record in a light most favorable to the non-moving party.[6] The Court will not grant summary judgment if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of the law.[7]

## DISCUSSION

The Court finds there are genuine issues of material fact present.

In support of Defendants position that Ms. Murphy released Defendants from their own negligence is permissible under Delaware laws, Defendants cited *Ketler v. PFPA, LLC*.[8] *Ketler* is distinguishable from the facts before this Court as the release in *Ketler* released defendants from their own negligence associated with plaintiff using a fitness club.[9] *Ketler* does not relate to landlord tenant relationships.

---

[3] Super. Ct. Civ. R. 56(c); *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991).
[4] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[5] *Id.* at 681.
[6] *Burkhart*, 602 A.2d at 59.
[7] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962); *Phillip-Postle v. BJ Prods., Inc.*, 2006 WL 1720073, at *1 (Del. Super. Ct. Apr. 26, 2006).
[8] 132 A.3d 746 (Del. 2015).
[9] *Id.* at 747.

Section 5301(a)(3) of Title 25 of the Delaware Code prohibits a landlord from requiring a tenant, in a rental agreement, to exculpate or limit its liability for a violation of the Residential Landlord Tenant Code or to require a tenant to indemnify the landlord for any such liability or its related costs.[10] If a provision violates Section 5301(a), it is unenforceable.[11] Additionally, the statute provides that if a landlord attempts to enforce a provision that he knows violates Section 5301(a), the tenant is entitled to bring an action to recover three months' rent and the costs of the suit, excluding attorneys' fees.[12]

Defendants attached the lease agreement and argued the New Construction Addendum and the general release explicitly limits their liability for any loss by fire, water, theft, negligence, or construction and requires Ms. Murphy to indemnify it in the event that any covenants are breached. These provisions, which were directly relied on for the basis of Defendants' Motion, are in violation of 25 Del. C. § 5301(a)(3), making them unenforceable. Therefore, Defendants may be liable for any negligence for failure to maintain a safe common area, i.g., a parking lot.

Further, Defendants rely on the enforceability of releases in arguing Ms. Murphy assumed the risk, citing *Helm v. 206 Massachusetts Avenue*, *LLC*.[13] There

---

[10] 25 Del. C. § 5301(a)(3).
[11] *Id.* § 5301(b).
[12] *Id.*
[13] 107 A.3d 1074 (Del. 2014).

is no similarity between *Helm* and this case, as the plaintiff in *Helm* fell down dark stairs in a Lewes, Delaware one week vacation rental and would have been barred from recovery if she had "expressly relieved the landlord of a legal duty."[14]  The facts of *Helm* are distinguishable from the ones before us because *Helm* involves a nonrenewable seasonal rental of less than 120 days in the Lewes and Rehoboth Hundred.[15]  This means the landlord/tenant relationship in Helm was not governed by the Delaware Landlord Tenant Code as such rental agreements are excluded by the code.[16]  Because the relationship between Defendants and Ms. Murphy is governed by the Delaware Landlord Tenant Code, making the releases unenforceable, the argument that Ms. Murphy assumed the risk because of the releases is moot.

In addition to this Court finding there are genuine disputes of material fact as to whether Defendants are liable, this Court has held, except in very clear cases, a question of whether a danger is open and obvious is ordinarily a question of fact for the jury.[17]  Based on the testimony and evidence relied upon for the Motion for

---

[14] *Id.* at 1080.
[15] *Id.* at 1076.
[16] 25 Del.C. § 5102.
[17] *Foreman v. Two Farms, Inc.*, 2018 WL 3949294, at *2 (Del. Super. Aug. 16, 2018).

7

Summary Judgment, a jury could reasonably find the sewer cover was not an open and obvious danger. Summary Judgment is improper.

## CONCLUSION

For the foregoing reasons, Defendants Motion for Summary Judgment is **DENIED.**

**IT IS SO ORDERED.**

<u>/s/ Calvin L. Scott</u>
Judge Calvin L. Scott, Jr.